No. 73,451

In the Matter of KYM E. MYERS, *Respondent.*

(895 P.2d 1252)

Opinion filed June 2, 1995.

*Stanton A. Hazlett,* deputy disciplinary administrator, argued the cause and was on the formal complaint for the petitioner.

*Steven L. Davis,* of Patton, Davis & Putnam, of Emporia, argued the cause for the respondent, and *Kym E. Myers,* respondent, argued the cause pro se.

*Per Curiam:* This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against Kym E. Myers, an attorney admitted to the practice of law in Kansas. The complaint filed in case No. B-5040 was heard before a panel of the Kansas Board for Discipline of Attorneys. The essential facts, as determined by the panel, and the panel's recommended discipline are not in dispute. Myers takes no exception to the report, findings, and recommendations of the Kansas Board for Discipline of Attorneys.

The formal complaint charges:

"2. On July 11, 1991, the respondent, Kym E. Myers, was convicted in the District Court of Lyon County, Kansas, by a jury of Rape and Sexual Battery. Rape is defined in K.S.A. 21-3502 and is a Class B felony. Sexual Battery is defined in K.S.A. 21-3517 and is a Class A misdemeanor.

"3. On August 20, 1991, the respondent was sentenced. For the crime of Sexual Battery, the respondent was sentenced to the Lyon County Jail for a term of six (6) months pursuant to K.S.A. 21-4502. For the crime of Rape, the respondent was sentenced to the custody of the Secretary of Corrections for a minimum term of not less than five (5) years and a maximum term of not more than twenty (20) years, pursuant to K.S.A. 21-4501(b). On that same date, the respondent's Motion for Probation was denied and the respondent was placed in custody.

"4. On November 15, 1991, the Kansas Supreme Court temporarily suspended the respondent from the practice of law pursuant to Supreme Court Rule 203(b). In the order suspending the respondent, the Supreme Court noted that the crimes of Rape and Sexual Battery were of such a serious nature that the court concluded that the respondent must be suspended from the practice of law until there was final determination of the disciplinary proceedings pending against the respondent.

"5. On February 14, 1992, the respondent filed a Notice of Appeal from his convictions in the Lyon County District Court. On April 2, 1992, the respondent filed a Motion for Appeal Bond. The State filed a Reply in Opposition to Motion for Appeal Bond on April 13, 1992. On April 16, 1992, the appeal bond sought by the respondent was denied by the Court of Appeals.

"6. On September 3, 1993, the Court of Appeals of the State of Kansas reversed the respondent's convictions and remanded the case for a new trial. The Court of Appeals held that the trial court erred in its response to the jury's request for certain information during the deliberations by the jury.

"7. On October 4, 1993, the State of Kansas filed a Petition for Review with the Kansas Supreme Court.

"8. On November 10, 1993, the Kansas Supreme Court granted the Petition for Review by the State of Kansas. On April 15, 1994, the Kansas Supreme Court upheld the Court of Appeals in its reversal of the District Court. The case was then remanded to the district court.

"9. The State of Kansas initially announced its intention to re-try the defendant on the same charges. The respondent was released from prison on June 6, 1994. On August 15, 1994, the respondent and the State entered into a plea agreement under which the respondent pleaded no contest to one (1) count of Aggravated Sexual Battery, in violation of K.S.A. 21-3518. Aggravated Sexual Battery is a Class D. felony. At the time the respondent was sentenced in this case, he had served thirty-three (33) months and twelve (12) days. The court sentenced the defendant on the new conviction to the custody of the Secretary of Corrections for a period of not less than two (2) years and not more then five (5) years for the crime of Aggravated Sexual Battery. The court granted the defendant's Motion for Probation, noting the fact that the respondent had already served a substantial period of time in prison."

## THE DISCIPLINARY PANEL'S FINAL REPORT

The following pertinent findings and recommendations were made by the panel:

### "FINDINGS OF FACT

"Since the parties are in agreement as to the facts, and so stipulated, the facts are as contained in paragraph number [2] through 9 of the formal complaint on file herein and the panel adopts the same as if fully set out herein.

"Since the fact situation in this matter, to say the least is unusual, some of the stipulated facts need to be stated herein . The respondent was convicted of rape in the District Court of Lyon County, Kansas, on July 11, 1991. This violation concerned a young woman then age 17. The respondent was then sentenced to the custody of the Secretary of Corrections on August 20, 1991, and was incarcerated at the prison in Lansing, Kansas.

"On appeal the conviction of the respondent was reversed by the Kansas Court of Appeals on the basis of trial error and the Kansas Supreme Court upheld the Court of Appeals reversal of the conviction of this respondent.

"The respondent served 33 months and 12 days in prison on his conviction prior to being released on June 6, 1994.

"The respondent and the state of Kansas, on August 15, 1994, entered into a plea agreement under which the respondent plead no contest to one count of aggravated sexual battery in violation of K.S.A. 21-3518, a Class D Felony, and was sentenced on the new conviction to the Secretary of Corrections for a period of not less than two (2) years and not more than five (5) years.

"The Court then granted the respondent's motion and the respondent was placed on probation by reason the respondent had already served a substantial period of time in prison.

"The Kansas Supreme Court on November 15, 1991, temporarily suspended the respondent from the practice of law and this suspension is still in effect.

"The panel finds that by clear and convincing evidence that the respondent has violated the following rules of professional conduct:

"(a) MRPC 8.4(b) [1994 Kan. Ct. R. Annot. 379] in that the respondent reflected adversely on the respondent's honesty, trustworthiness and fitness as a lawyer;

"(b) MRPC 8.4(g) in that respondent engaged in conduct that adversely reflects on the respondent's fitness to practice law.

## "FINDINGS OF FACT OF AGGRAVATION OR MITIGATION

"The respondent offered considerable evidence that before and during the time that the facts accrued that brought on the charges against him in Lyon County, Kansas, that respondent had a bad drinking problem and in fact was an alcoholic and had a form of mental disability and a dependency on alcohol which severely affected his judgment. That further at this period of time he was experiencing severe monetary problems.

"That since the respondent's release from prison on June 6, 1994, he has lived in the Johnson County, Kansas, area.

"That while the respondent was incarcerated in the state penal system, he had voluntarily entered a treatment program for alcoholics. That since his release from prison he has faithfully been a member of AA and the testimony from several witnesses was to the effect that he had made good progress for his alcoholism and seemed to be completely sincere in his efforts in the AA program.

"There was also testimony from the respondent that he believes he has turned the direction of his life around.

"There were no other material facts of aggravation or mitigation presented to the panel.

## "RECOMMENDATION

"As pointed out in this report, this hearing involved an unusual set of facts.

"The panel deliberated for some time whether its recommendation should be either: (1) Indefinite suspension; or (2) disbarment.

"In either event respondent must follow the same basic procedure, if and when he desires to make application to have his license to practice law reinstated; with the exception that under indefinite suspension he may make such application within three years from the date of his suspension; and if disbarred respondent may make such application within five years from the date of his disbarment.

"In either event the panel recommends that the date of his suspension or disbarment be considered to have commenced on November 15, 1991, which was the date the respondent in effect lost his license to practice law in the state of Kansas.

"The panel recommends that the respondent be indefinitely suspended from the practice of law.

"The panel makes the above recommendation instead of disbarment on the following reasons:

"1. The respondent was originally charged with a very serious crime, but his conviction was on a Class D Felony.

"2. That the respondent has already been very severely punished by being incarcerated in prison for a period of 33 months and 12 days.

"3. That the respondent has had no other criminal convictions or disciplinary offenses.

"4. That respondent seems to be very sincere in his efforts to turn his life around.

"5. There is nothing in the record to indicate that the respondent is a threat to society or that in the future he would engage in conduct that would adversely reflect on his fitness to practice law.

"The panel further recommends that the respondent pay the costs of these proceedings."

As indicated above, Myers takes no exception to the findings and recommendations of the panel.

We find there is clear and convincing evidence establishing the violations found and enumerated by the panel. We adopt the findings of the panel, but a majority of this court are not in agreement with the recommended sanction of indefinite suspension. The respondent has been convicted of a serious felony offense that reflects adversely on his honesty, trustworthiness, fitness as a lawyer, and his fitness to practice law. We have considered the matters in mitigation but conclude that the actions of the respondent warrant disbarment. We agree, however, with the recommendation of the panel that the effective date of disbarment should be November 15, 1991.

IT IS THEREFORE ORDERED that Kym E. Myers be disbarred from the practice of law in the State of Kansas effective November 15, 1991, and that the Clerk of the Appellate Courts strike his name from the role of attorneys licensed to practice law in the State of Kansas.

IT IS FURTHER ORDERED that this order be published in the official Kansas Reports and that the costs of the proceeding be assessed to the respondent and that respondent forthwith shall comply with Supreme Court Rule 218 (1994 Kan. Ct. R. Annot. 217).